IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-CV-576
(3:07-CR-142)

| | |
|---|---|
| ALFRED ISAIAH GRASTLEY )<br>)<br>v.    )<br>)<br>UNITED STATES OF AMERICA )<br>) | ORDER |

**THIS MATTER** is before the Court upon Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, (Doc. No. 1); his Supplement, (Doc. No. 3); and the Government's Response in support, (Doc. No. 4). For the reasons that follow, the motion to vacate his sentence will be granted.[1]

I. BACKGROUND

On September 21, 2007, Petitioner pled guilty to possessing a firearm after being convicted of a crime punishable for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1), pursuant to a plea agreement. (Case No. 3:07-cr-142, Doc. No. 14: Plea Agreement; Doc. No. 15: Acceptance and Entry of Guilty Plea). This Court sentenced Petitioner to 180 months' imprisonment, pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), and entered judgment on February 19, 2008. (Id., Doc. No. 21: Judgment). The United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal when the Government asserted

---

[1] Petitioner asserts that he has nearly served the statutory maximum without the § 924(e) enhancement, based on his calculation of credit for good time served. (Doc. No. 3: Supplement at 3). However, it is the responsibility of the Attorney General, through the Bureau of Prisons, to compute jail credit. United States v. Stroud, 584 F.3d 159, 160 (4th Cir. 2014) (citing United States v. Wilson, 503 U.S. 329, 334-35 (1992)). Therefore, Petitioner's request for immediate release will be denied.

the appellate waiver the plea agreement and entered its Mandate on October 14, 2008. (Id., Doc. No. 29).

On June 18, 2014, Petitioner filed a motion to vacate, but subsequently moved to withdraw it. (Id., Doc. No. 35: Motion; Doc. Nos. 36, 37: Notice). He filed the instant § 2255 motion on November 25, 2015, claiming he no longer qualifies for an enhanced sentenced under under § 924(e) in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)(en banc), because two predicate convictions for Breaking and Entering and Attempted Breaking and Entering did not expose him to more than one years' imprisonment. (Doc No. 3 at 2).[2]

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Although the Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one year statute of limitations period for the filing of a motion to vacate, the Government may waive its affirmative defense to an untimely motion. Day v. McDonough, 547 U.S. 198, 210 n.11 (2006). Here, the Government has elected to waive all its procedural defenses and concedes that

---

[2] Petitioner also claims he is entitled to relief under United States v. Johnson, 135 S. Ct. 2551 (2015). (Doc. No. 1: Motion at 1). Because the Government concedes Petitioner is entitled to relief under Simmons, (Doc. No 4: Response at 3), it is not necessary to reach the Johnson claim.

2

the Court should resentence Petitioner without the § 924(e) enhancement. (Doc. No. 4: Response at 3). Accordingly, the Court may consider the merits of Petitioner's claim.

In Simmons, the Fourth Circuit en banc held that in order for a prior North Carolina conviction to serve as a predicate felony offense, the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. That decision resulted from the court's application of the Supreme Court's holding in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), namely, that the focus of whether a prior conviction qualified as a felony must center on the defendant that is before the sentencing court and not a hypothetical defendant. In Simmons, the Fourth Circuit expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which previously held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." 649 F.3d at 243 (quoting Harp, 406 F.3d at 246) (emphasis omitted). Here, Petitioner and the Government agree, and court records confirm, that two of Petitioner's § 924(e) predicate convictions could not have resulted in sentences of more than one year in prison. (Doc. No. 3: Supplement at Exhibit 1; Doc. No. 4: Response at 4).

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate his sentence in Case No. 3:07-CR-142, (Doc. No. 1), is **GRANTED,** and Petitioner shall remain in the custody of the Bureau of Prisons pending resentencing, which will be scheduled by separate order.

The Clerk is directed to certify copies of this order to the Petitioner, counsel for the Petitioner, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: March 2, 2016

*[signature]*

Robert J. Conrad, Jr.
United States District Judge